# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/27/2025 9:20:48 AM
Clerk of the Superior Court
By C. Miranda ,Deputy Clerk

John A. Schena (SBN 269597)
SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH, LLP
101 West Broadway, Suite 810
San Diego, California 92101
Telephone No.:(619) 236-8821
Facsimile No.: (619) 236-8827
Email: john@sscelaw.com

Attorneys for Plaintiff
LEANNE O'NEILL

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| LEANNE O'NEILL,<br>Plaintiff,<br>v.<br>TELADOC HEALTH, INC.; and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 25CU058014C<br>**COMPLAINT FOR:**<br>**(1) NEGLIGENCE**<br>**(2) NEGLIGENT HIRING, TRAINING, AND SUPERVISION**<br>**(3) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>**(4) BREACH OF FIDUCIARY DUTY** |

Plaintiff LEANNE O'NEILL alleges generally against Defendant TELADOC HEALTH, INC. and DOES 1 through 10 (hereinafter collectively "Defendants") as follows:

**PARTIES**

1. Plaintiff Leanne O'Neill ("Plaintiff") is an individual who resides in San Diego County within the State of California.

2. Defendant Teladoc Health, Inc. ("Teladoc") is a Delaware corporation doing business in the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who, therefore, sues these Defendants by such fictious names pursuant to Code of Civil Procedure § 474. Plaintiff will amend this Complaint to show the true names and capacities of the fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that Does 1 through 10, and each of them were responsible in some manner for the acts and omissions hereinafter alleged, and that Plaintiff's losses and damages as alleged in this Complaint were caused by such fictitiously named defendants.

4. At all relevant times herein mentioned, each of the defendants acted as an agent, servant, partner or joint venture of each of the remaining Defendants, or otherwise acted on behalf of the other, and in doing the things hereinafter alleged, acted within the course and scope of such relationship, with the full knowledge, permission, consent, ratification, or approval of the other.

5. Each reference in this Complaint to "Defendants" refers to both Teladoc Health, Inc. and each of the DOE defendants sued under fictitious names.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Defendants and each of them, pursuant to California Constitution Article VI, section 10 and California Code of Civil Procedure § 410.10. Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them: are domiciled in the State of California; have conducted and continue to conduct business within California; have substantial contacts with California; and/or have intentionally availed themselves of the opportunity to reside in California or conduct business in this forum.

7. Venue is proper in this Court because the transactions and occurrences giving rise to this action took place in San Diego County, California.

8. The amount in controversy and damages claimed and sought herein by Plaintiff exceeds the jurisdictional minimum of this Court.

**FACTUAL ALLEGATIONS**

9. On March 14, 2024, while employed by Teladoc, Joshua Robles conducted an intake interview with Plaintiff regarding her seeking medical treatment related to an infection of her nipple.

10. Plaintiff provided Teladoc with extremely personal health information with the expectation that it would be kept confidential and not misused by the employees pursuant to Teladoc's Notice of Privacy Practices ("Notice").

11. The Notice guarantees that Teladoc is committed to protecting the privacy of its clients' medical information by allowing only a small subset of technical administrators to have access to confidential information, reviewing staff on a quarterly basis to "certify staff roles are still appropriately assigned," and training employees to maintain the privacy and security of client information.

12. Teladoc did not properly train its employees, including Robles, on the protection, use, and dissemination of confidential information, including information protected by the Health Insurance Portability and Accountability Act.

13. Teladoc did not enact the proper safeguards and undertake efforts to ensure those in its employ followed its privacy practices and the protections obligated by the Health Insurance Portability and Accountability Act.

14. During the intake process, Robles obtained medical information and personal information from Plaintiff under the guise it was for medical treatement. Plaintiff relied on Teladoc's promise of confidentiality and guaranties that her medical and personal information would be kept in confidence.

15. Approximately one month later, Robles began to use Plaintiff's personal information without authorization to contact and sexually harass her.

16. On April 19, 2024, at 1:43 p.m., Robles texted through WhatsApp "Hey beautiful how's your day going." At the time, Plaintiff was on vacation and did not see the message.

17. On April 28, 2024, at 12:47 a.m., Robles followed up the initial message referencing her private medical condition: "How's your pierced nipple that got hurt lol."

18. Thereafter, Plaintiff filed a Health Insurance Portability and Accountability Act ("HIPAA") complaint.

19. Following several failed attempts at contacting Teladoc's corporate office, undertook efforts to gather more information about Robles and bring the matter to Teladoc's attention.

20. On May 1, 2024, Plaintiff learned of Robles' arrest record for sexual crimes.

21. During subsequent investigation, Plaintiff learned that Teladoc was aware that Robles had accessed at least one other patient's confidential information without consent prior to his unauthorized access and use of Plaintiff's confidential information.

22. As a result of this horrendous incident, Plaintiff has sought counselling and is attending therapy sessions. She suffered, and continues to suffer, severe emotional distress. She has particularly experienced a great deal of anxiety, stress, loss of trust in others, and fear that will impact her professionally and personally for the foreseeable future.

## FIRST CAUSE OF ACTION

**(Negligence)**

23. Plaintiff re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

24. Teladoc owed a duty to protect the privacy of the medical and personal information Plaintiff disclosed to a Teladoc employee during the course of her intake interview.

25. Teladoc breached its duty when it permitted Plaintiff's private and personal medical information to be misused. By means of example, Teladoc failed to ensure that Robles used Plaintiff's confidential information for proper purposes. Teladoc further failed to ensure that all confidential information was returned following Robles' termination.

26. Plaintiff did not consent to Teledoc's employee accessing her information and contacting her outside of the services provided by Teladoc.

27. As a direct, foreseeable, and proximate result of the wrongful conduct and/or omissions of Defendant, Plaintiff suffered, and continues to suffer, the injuries and damages hereinabove set forth.

**SECOND CAUSE OF ACTION**

**(Negligent Hiring, Training, and Supervision)**

28. Plaintiff re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

29. Robles was or became unfit or incompetent to perform the work for which he was hired. Teladoc knew or should have known that Robles was assigned to Plaintiff and that he was or became unfit or incompetent to perform the work for which he was hired. Despite Robles' arrest for indecency with child sexual contact on October 31, 2023, Teladoc permitted Robles to start taking member calls on November 22, 2023.

30. Teladoc failed to properly train its employees, including Robles, on the protection, use, and dissemination of confidential information, including information protected by the Health Insurance Portability and Accountability Act.

31. Teladoc knew or should have known that Robles' unfitness or incompetence created a particular risk to others and harmed Plaintiff. On April 3, 2024, Robles misused another member's information, which allegedly resulted in his termination. Teladoc alleged that he was required to return all confidential information. Despite his representations of the same, Robles began messaging and harassing Plaintiff only two weeks later.

32. Teladoc's negligence in hiring, training, and/or supervising Mr. Robles was a substantial factor in causing Plaintiff's harm.

33. As a direct, foreseeable, and proximate result of the wrongful conduct and/or omissions of Defendant, Plaintiff suffered, and continues to suffer, the injuries and damages hereinabove set forth.

**THIRD CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

34. Plaintiff re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein

35. Teladoc owed a duty of care to Plaintiff through its patient/healthcare provider relationship.

36. Plaintiff alleges, as more specifically stated in the Factual Allegations incorporated herein, that Teladoc's actions were outrageous and demonstrated Teladoc's complete disregard for Plaintiff.

37. Teladoc's actions were reckless and so outrageous that it should have known that it would cause severe, emotional distress to Plaintiff. Defendants' conduct was so extreme as to go beyond the bounds of decency and be regarded as intolerable in a civilized society. Plaintiff was not only contacted by a Teladoc employee without consent, but her intimate health issue was used as a guise to inflict emotional distress. The timing is such that it shocks the conscience.

38. As a direct, foreseeable, and proximate result of the wrongful conduct and/or omissions of Defendant, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

39. Plaintiff re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

40. Teladoc owed a fiduciary duty to Plaintiff as a healthcare provider pursuant to the Notice on its website, as more specifically described in the Factual Allegations incorporated herein.

41. Teladoc breached its duty when it permitted Plaintiff's private and personal medical information to be misused. Plaintiff had the expectation that the information she disclosed would be kept private. She patently did not consent to Robles accessing her information

and contacting her outside of the services provided by Teladoc. Plaintiff relied on Teladoc's guarantees that her medical and personal information would be kept in confidence to her detriment.

42. Teladoc's breach was a substantial factor in causing Plaintiff's damages.

43. As a direct, foreseeable, and proximate result of Defendant's breach of its fiduciary duties, Plaintiff has been harmed in an amount according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Leanne O'Neill prays that this Court enter judgment in her favor on every claim for relief set forth above and award her relief including, but not limited to, the following:

1. For general damages in an amount according to proof at trial, and beyond the jurisdictional minimum of this Court;
2. For interest upon any judgment entered as provided by law;
3. For costs of suit herein included;
4. For such other and further relief as the Court may deem just and proper.

Dated: October 27, 2025

SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP

By: [signature]
John A. Schena
Attorneys for Plaintiff
LEANNE O'NEILL