LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendant
TELADOC HEALTH, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LEANNE O'NEILL,

Plaintiff,

v.

TELADOC HEALTH, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No. 3:25-cv-03645-AJB-KSC

**DEFENDANT'S ANSWER TO COMPLAINT**

Action Filed: December 17, 2025

District Judge: Hon. Anthony J. Battaglia
Courtroom 4A, 4th Floor

Magistrate Judge: Hon. Karen S. Crawford
Courtroom 2B, 2nd Floor

Defendant Teladoc Health, Inc. (“Defendant”) hereby submits the following Answer to Plaintiff Leanne O’Neill’s Complaint (“Complaint”). Defendant denies all allegations contained in the headings, all unnumbered or introductory paragraphs, and the Prayer for Relief in the Complaint and does not admit any allegations in the Complaint except as expressly set forth in this Answer in response to each paragraph of the Complaint. Defendant answers the allegations in the numbered paragraphs of the Complaint as follows:

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 as to “Does 1 through 10” and, therefore, denies them. Defendant expressly denies that it caused Plaintiff to suffer any “losses and damages.”

4. Defendant denies the allegations in Paragraph 4.

5. Defendant denies that it is appropriate to refer to itself and any other defendant collectively. Defendant affirmatively states it answers only on behalf of itself and expressly denies it is or could be responsible for acts or omissions of anyone else.

## JURISDICTION AND VENUE

6. Defendant answers only as to itself. The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the United States District Court Southern District Court of California has jurisdiction over Defendant with respect to Plaintiff's claims. Defendant otherwise denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that

Plaintiff alleges venue is proper in the United States District Court Southern District Court of California. Defendant otherwise denies the allegations in Paragraph 7.

8. Defendant admits that subject matter jurisdiction in this Court is proper in light of the allegations in the pleading but expressly denies it harmed Plaintiff in any respect.

## FACTUAL ALLEGATIONS

9. Defendant denies Joshua Robles was an employee of Defendant. Defendant admits only that Joshua Robles contracted with a third party to provide services to Defendant. Defendant otherwise denies the allegations in Paragraph 9.

10. Defendant denies Joshua Robles was an employee of Defendant. By way of further response, Defendant states the allegations in Paragraph 10 contain legal conclusions and arguments to which no response is required. To the extent Paragraph 10 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 10.

11. Responding to Paragraph 11, the Notice of Privacy Practices ("Notice) speaks for itself, and Defendant denies the allegations in Paragraph 11 to the extent they are inconsistent with the Notice's terms. Defendant affirmatively states it did not violate any policies with respect to Plaintiff.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant responds only as to itself. The allegations in Paragraph 14 contain legal conclusions and arguments to which no response is required. To the extent Paragraph 14 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 14.

15. Defendant responds only as to itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16. Defendant responds only as to itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17. Defendant responds only as to itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 as to Plaintiff's "failed attempts" or what Plaintiff did to "gather more information about Robles" and, therefore, denies them. Defendant affirmatively states that Robles was never an employee of Defendant.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. The allegations in Paragraph 21 contain legal conclusions and arguments to which no response is required. To the extent Paragraph 21 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 21 and affirmatively states that Robles was never an employee of Defendant.

22. The allegations in Paragraph 22 contain legal conclusions and arguments to which no response is required. To the extent Paragraph 22 contains factual allegations to which a response is required, Defendant denies the allegations in Paragraph 22, and affirmatively states that Plaintiff publicly shared her allegations on social media.

## FIRST CAUSE OF ACTION

### (Negligence)

23. In response to the allegations in Paragraph 23, Defendant incorporates its responses to Plaintiff's allegations contained in all other Paragraphs of the Complaint.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, and Supervision)

28. In response to the allegations in Paragraph 28, Defendant incorporates its responses to Plaintiff's allegations contained in all other Paragraphs of the Complaint.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

## THIRD CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

34. In response to the allegations in Paragraph 34, Defendant incorporates its responses to Plaintiff's allegations contained in all other Paragraphs of the Complaint.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

39. In response to the allegations in Paragraph 39, Defendant incorporates its responses to Plaintiff's allegations contained in all other Paragraphs of the Complaint.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

**PRAYER FOR RELIEF**

44. Defendant denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses to all claims against it, and reserves the right to add additional affirmative defenses to the extent discovery reveals additional defenses available to Defendant:

**First Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff lacks standing to assert the claims alleged in the Complaint.

**Third Defense**

The claims of Plaintiff are barred by the doctrines of estoppel, laches, unclean hands, waiver and/or acquiescence.

**Fourth Defense**

The claims of Plaintiff are barred in whole or in part, by the doctrine of accord and satisfaction.

**Fifth Defense**

Plaintiff's claims are barred to the extent she would be unjustly enriched by any recovery.

**Sixth Defense**

The claims of Plaintiff for damages or injury are barred, in whole or in part, because there was a failure to make reasonable efforts to mitigate such alleged damages or injury.

**Seventh Defense**

Plaintiff has not been damaged, and Defendant's conduct did not cause, proximately cause, solely cause, or solely proximately cause the damages and/or injuries Plaintiff claims.

**Eighth Defense**

Plaintiff's claims fail because Defendant has fully and/or substantially performed any and all obligations it may have had to Plaintiff.

**Ninth Defense**

Plaintiff's claims fail because Defendant and/or its service provider exercised reasonable care to prevent and promptly correct any alleged harassing conduct and Plaintiff failed to take advantage of measures made available by Defendant.

**Tenth Defense**

Plaintiff's claims fail because the actions taken by Defendant (if any) were in full compliance with applicable laws, regulations, and industry standards.

**Eleventh Defense**

Plaintiff's claims against Defendant are barred to the extent they do not apply to the conduct of third-party independent contractors as a matter of law.

**Twelfth Defense**

Plaintiff's claims all rely on allegations against a third party whose conduct Defendant has no involvement with or ability to control, and there is otherwise no basis for the imposition of vicarious liability.

**Thirteenth Defense**

To the extent a third party, like Joshua Robles, is deemed to be an agent of Defendant, Plaintiff's claims are barred because each such third party's alleged conduct was outside the scope of his, her, or its agency, and Defendant did not ratify such conduct.

**Fourteenth Defense**

To the extent Plaintiff suffered any injury at all, it was caused and/or exacerbated by her own conduct, including as a result of her public social media postings, in which she publicly disclosed the allegations forming the basis of her complaint.

**Fifteenth Defense**

Any "damages" Plaintiff suffered are properly offset by damage she suffered due to her own conduct, including because of her public disclosure via her social media postings and other acts.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, because the service provider that contracted with Robles as an independent contractor exercised reasonable care in his hiring and certification, conducted an appropriate and thorough background check, and otherwise was diligent, and therefore Robles' conduct was not reasonably foreseeable.

**Seventeenth Defense**

Plaintiff was harmed, if at all, by the unforeseeable, intentional acts of Robles that were the superseding and intervening cause of any injury to Plaintiff.

* * *

Defendant reserves the right to amend and/or supplement the allegations of its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery or otherwise. Defendant will rely on all defenses that may become available or apparent in discovery or trial.

DATED: January 23, 2026

Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Craig H. Bessenger*
LIVIA M. KISER
CRAIG H. BESSENGER

Attorneys for Defendant
TELADOC HEALTH, INC.